## FERNÁNDEZ ET AL. *v.* COBB.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 620.—Resuelto en junio 20, 1911.

ACCIÓN REIVINDICATORIA—DERECHO INCIERTO DE LOS DEMANDANTES.—Examinados los autos, el Tribunal Supremo resolvió que aun en el caso de que los demandantes hubieran demostrado que tenían algún derecho a la propiedad de las fincas que reclaman, tal demostración habría sido en forma tan vaga e incierta, que no podría servir de base para dictar una sentencia como la que ellos solicitan.

ID.—TÍTULO DEL DEMANDADO—BUENA FE Y JUSTO TÍTULO—INSCRIPCIÓN EN EL REGISTRO—TERCERO.—Habiendo adquirido el demandado de buena fe y con justo título la propiedad de las fincas en cuestión, de aquel que tenía su derecho inscrito en el registro sin que constara en el mismo la causa de nulidad que ahora se alega, es necesario concluir que el demandado es un tercero cuyo derecho no debe ni puede invalidarse.

Resuelto por los fundamentos de la opinión emitida en el caso número 621, *Fernández et al.* v. *Velázquez,* resuelto en junio 9, 1911, tomo 17, Dec. de P. R., pág. 747.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. T. D. Mott, Jr., y Hord y Scoville.*

Abogado del apelado: *Sr. Luis Muños Morales.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso sobre reivindicación e indemnización por daños y perjuicios. Los demandantes alegaron, en resumen, que dos de ellos, José Maximino y Catalina Fernández y Borrás son menores de edad y comparecen bajo la

autoridad y representados por su padre. Que el otro demandante Evaristo Fernández comparece por derecho propio y en representación de sus dichos menores hijos. Que los demandantes son dueños y lo eran durante todo el tiempo mencionado en la demanda, de la mitad del condominio de ciertas fincas rústicas que se describen, con derecho a la posesión de las mismas. Que desde o alrededor del 26 de agosto de 1907, el demandado John Blackwell Cobb, ha estado, y está, en posesión de las fincas descritas, pretendiendo ser el legítimo dueño de las mismas; pero los demandantes alegan que el dicho demandado no es el dueño de dichas fincas ni de ninguna parte de ellas, ni tiene título legal. Que el demandado está ilegal e injustamente en posesión de las mencionadas fincas, desde o alrededor del 26 de agosto de 1907 y que desde esa fecha ha privado a los demandantes de, y ha retenido la posesión de las tierras contra la voluntad de los demandantes y que aun continúa en tal posesión causándoles perjuicios por la suma de veinte mil dollars. Que los terrenos valen sesenta mil dollars.

La demanda termina suplicando que se declare a los demandantes dueños de la mitad proindivisa de las fincas en cuestión con derecho a la posesión de las mismas, declarándose además, que ellos eran dueños con derecho a la posesión durante todo el tiempo expresado en la demanda, y que se le concedan veinte mil dollars por daños, más las costas y honorarios de abogados.

El demandado contestó la demanda aceptando las alegaciones relativas a la personalidad de los demandantes, negando las otras alegaciones de la demanda, y alegando a su vez que es el legítimo dueños de las fincas reclamadas por los demandantes por haberlas adquirido de buena fe, por compra hecha constar en escritura pública inscrita en el registro y que desde entonces ha venido poseyéndolas en concepto de dueño, sin interrupción, quieta y pacíficamente, y que los demandantes jamás fueron dueños, ni estuvieron en posesión de ninguna parte de las fincas que no están inscri-

tas a su favor en el registro. Que los demandantes no han sufrido daños.

La contestación es extensa y detallada, contiene la historia de la titulación de las fincas desde sus primitivos dueños y termina suplicando que se declare sin lugar la demanda, con las costas a los demandantes.

Celebrada la vista, la Corte de Distrito de Humacao, en 20 de julio de 1906, dictó sentencia declarando que la ley y los hechos están en contra de la parte demandante y en su consecuencia sin lugar la demanda. Y contra esa sentencia es que se ha interpuesto el presente recurso de apelación.

La prueba de los demandantes consistió:

1°. En la declaración del demandante Evaristo Fernández, que copiada a la letra dice así:

"Que se llama Evaristo Fernández, es uno de los demandantes en este pleito y que José Maximino Fernández Borrás y Catalina Dolores Fernández Borrás son sus hijos legítimos; que estuvo casado con Doña Catalina Borrás y Ginart y esos dos hijos son fruto de ese matrimonio; que Doña Catalina Borrás era hija de Doña Gerónima Ginart y de Don Bartolomé Borrás; que Doña Gerónima Ginart está muerta y murió antes que Doña Catalina; que Don Bartolomé Borrás dejó dos hijos a saber: a la que fué su esposa Doña Catalina Borrás y Ginart y también a Doña Juanita Borrás Ginart; que Doña Catalina Borrás y Doña Juana Borrás formaron la sucesión de Doña Gerónima Ginart; que conoce las siguientes parcelas de terreno descritas en la demanda; un predio de terreno de 264 cuerdas radicadas en el barrio de Cañabón; otro predio de 11 cuerdas en el barrio de Cagüitas; otro predio de 31 cuerdas en el barrio de Cagüitas; otro predio de 22 cuerdas 39 centavos en el barrio de Cagüitas y una parcela de 37 cuerdas en el barrio de Bairoa y que ha conocido dichos terrenos por un tiempo alrededor de veinte años; que éstos sirven para la siembra de cañas para lo cual son magníficos y que el precio del arrendamiento de esos terrenos en el vecindario de Caguas es en la actualidad por los menos $1 mensual por cuerda; que conoce el precio de los terrenos en Caguas en arrendamiento y que éste es $1 por cada cuerda mensual y lo ha sido de 4 a 5 años a esta parte."

2°. En una copia certificada de la resolución de la Corte

de Distrito de San Juan de 20 de diciembre de 1904 declarando herederos de María Catalina Borrás y Ginart, fallecida en 4 de junio de 1904, a sus hijos José Maximino y Catalina Dolores Fernández, y su viudo Evaristo Fernández.

3º. En la declaración de Jesús L. Pereyó, que, copiada a la letra dice así:

"Que se llama Jesús L. Pereyó y es en la actuadidad Secretario de la Corte de Distrito de Humacao y como tal secretario tiene en su posesión los records de la corte. Explica que ciertos autos que se le ponen de manifiesto son un cumplimiento de ejecución de sentencia expedida por el Secretario de esta corte el día 12 de junio de 1905 por orden del juez de la misma, contra Catalina Borrás, Juana Borrás Ginart, sucesión de Gerónima Ginart y Bartolomé Borrás y Hermano en liquidación; que esos autos es el informe que dió el márshal de esa ejecución y que esas fueron las diligencias que hizo el márshal de la orden dictada por el secretario.

"A preguntas del Sr. Socorro, abogado de la parte demandada, declaró el testigo: que ese récord está sin foliar y al contarlos tiene trece folios; que él no era secretario de esta corte cuando el márshal devolvió diligenciado ese aseguramiento; que no puede asegurar, porque no está foliado, que ese récord está hoy en las mismas condiciones en que lo devolvió el márshal al secretario; que al hacerse el testigo cargo de la secretaría de esta corte, le han entregado, pero no bajo inventario, todos los documentos existentes en secretaría y entre ellos este récord; que no puede asegurar si faltan o no diligencias en los autos de referencia."

4º. En los autos a que se refiere el anterior testigo o sean los relativos a la ejecución de la sentencia dictada el 10 de julio de 1903 en el caso de *Ramis* v. *Borrás y otros* y de los cuales aparece que se libró auto de ejecución el 12 de junio de 1905, y que se vendieron en pública subasta, adjudicándose a los demandantes en dicho pleito, entre otras, las fincas a que se refiere este caso.

La prueba del demandado consistió en escrituras públicas inscritas en el Registro de la Propiedad, creditivas de que había comprado las fincas reclamadas por los demandantes de quién tenía su derecho inscrito en el registro y en una

certificación expedida por 'el Registrador de la Propiedad de Caguas relativa a las fincas en cuestión.

Al presentar su prueba el demandado, los demandantes se opusieron, por entender que tal prueba era impertinente mientras el demandado no demostrara que el márshal de la corte cumplió con los requisitos de la ley al hacer la venta que hizo a Ramis. Los fundamentos de la excepción son demasiado generales. La parte demandante debió especificar los motivos en que basaba su oposición para que el debate quedara planteado clara y francamente. Según ha alegado el demandado y apelado ante esta Suprema Corte, la cuestión de la nulidad de la venta del márshal a Ramis verificada después de muerta una de las demandadas en el pleito, se ha planteado específicamente por vez primera ante este Tribunal Supremo.

Además, analizando la prueba de los demandantes se puede concluir que ellos no habían probado un título preciso, claro y perfecto, como era su deber, a las tierras que reclamaban como suyas, y siendo esto así, al admitir la corte la prueba de un demandado que se encontraba y se encuentra en la posesión de las fincas a que se refiere el pleito, consistente en escrituras públicas inscritas en el registro de la propiedad y en certificación expedida por el registrador, no cometió error alguno que justifique la revocación de la sentencia que dictara.

Habiendo en consideración todo lo expuesto, se concluye que este caso debe regirse enteramente por los principios establecidos en la opinión de este tribunal en el caso de *Fernández et al.* v. *Velázquez,* decidido el día 9 de este mismo mes, y que, en su consecuencia, el recurso debe declararse sin lugar y confirmarse la sentencia apelada:

1º. Porque aun en el caso de que los demandantes hubieran demostrado que tenían algún derecho a la propiedad de las fincas que reclaman, habría sido la demostración en forma tan vaga e incierta, que no podría servir de base para dictar una sentencia como la que ellos solicitan, y

2º. Porque habiendo adquirido el demandado de buena fe y con justo título la propiedad de las fincas en cuestión, de aquel que tenía su derecho inscrito en el registro, sin que constara la causa de nulidad que ahora se alega ni en el registro, ni al parecer en los autos del pleito de *Ramis* v. *Borrás et al.*, es necesario concluir que el demandado es un tercero cuyo derecho no debe ni puede invalidarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary y Aldrey.

El Juez Asociado Sr. Wolf, firmó haciendo constar estar conforme con el resultado.